## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| FRANKLIN ROUNDTREE, | : | CIVIL ACTION NO. |
| Clayton Cnty. ID # 1677498, | : | 1:13-CV-02975-WSD-JCF |
|     Plaintiff, | : | |
| | : | |
|     v. | : | |
| | : | |
| SHAREE DAVIS, | : | PRISONER CIVIL ACTION |
|     Defendant. | : | 42 U.S.C. § 1983 |

## **MAGISTRATE JUDGE'S FINAL REPORT AND RECOMMENDATION**

Plaintiff, an inmate at the Clayton County Detention Center, submitted a one-page, undated letter to the Court, which the Clerk docketed on September 4, 2013 as a 28 U.S.C. § 2241 habeas corpus petition. (Doc. 1). The Court construed the letter as a 42 U.S.C. § 1983 complaint because in it Plaintiff stated that he "would like to file a civil suit against Mrs. Sharee Davis for fraud." (*Id.*).[1] The Court ordered Plaintiff to make arrangements for the payment of the filing fee, and to complete and return a § 1983 complaint form, which it directed the Clerk to send him. (Doc. 2). Plaintiff filed two responses—one on October 1 (Doc. 3) and the other on October 23 (Doc. 4)—neither of which was a § 1983 complaint form.

---

[1] Plaintiff had already filed a separate 28 U.S.C. § 2241 habeas petition seeking immediate release from his confinement. *Roundtree v. Hill*, 1:13-cv-2953-WSD (N.D. Ga., docketed Sept. 3, 2013).

For the purpose of dismissal only, Plaintiff's application for leave to proceed *in forma pauperis* (Doc. 4) is **GRANTED**. This matter is now ready for an initial frivolity screening.

## I. The Legal Framework

Title 28 U.S.C. § 1915A requires a federal court to conduct an initial screening of a prisoner complaint seeking redress from a governmental entity, or from an officer or employee of such an entity, to determine whether the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. A complaint is frivolous when it "has little or no chance of success"—for example, when it appears "from the face of the complaint that the factual allegations are clearly baseless[,] the legal theories are indisputably meritless," or "the defendant's absolute immunity justifies dismissal before service of process." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (internal quotations omitted). A complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," and "only a complaint that states a plausible claim for relief survives."

2

*Id.* at 678-79.  To be plausible, the complaint must contain "well-pleaded facts" that "permit the court to infer more than the mere possibility of misconduct."  *Id.* at 679.  To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States.  *Richardson v. Johnson*, 598 F.3d 734, 737 (11th Cir. 2010).

## II.    Plaintiff's Pleadings

In his original pleading, Plaintiff states the following:

Mrs. Davis had me to sign a bond for 125,000 that was denied, then she told me not to worry about it cause the judge [has] to give me a bond within 90 days and that she would [subpoena] the victim so that I could get a lower bond.  After I've been here for over a 120 something days trying to find out why I haven't gotten a bond[,] the bond Ms. Davis had me to sign for 125,000 was changed to 225,000 without my consent or [knowledge].  I've been here six months going [on] seven without a bond.  I've lost my job, and my car cause I've been here without a bond[.]  I've tried to get in touch with Mrs. Davis but she refuse to answer my calls.  By law you can't change legal documents without the petitioner [knowledge] or been present.

(Doc. 1 at 1).  In his first response to the Court's order, Plaintiff asks that he be released because the law requires that if a prisoner has not been brought to trial within 180 days, all charges against him must be dismissed with prejudice.  (Doc. 3 at 1).  He adds nothing of substance in his second response.  (*See generally* Doc. 4).

3

**III.  Discussion**

The Court takes judicial notice that Plaintiff has identified Sharee Davis as a Clayton County public defender. *See Roundtree v. Hill*, 1:13-cv-2953-WSD, Doc. 1 at 4 (N.D. Ga., docketed Sept. 3, 2013). It is well-established that a public defender may not be held liable under 42 U.S.C. § 1983 for alleged deficiencies in her performance as an attorney. The Supreme Court has held that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk County v. Dodson*, 454 U.S. 312, 325 (1981) (ordering the dismissal of respondent's § 1983 complaint against his public defender); *see Burns v. Jorandby*, 332 Fed. Appx. 602, 603 (11th Cir. 2009) (citing *Dodson* and affirming dismissal of complaint against plaintiff's former public defenders because "taking the allegations in [plaintiff's] complaint as true, neither defendant was acting under color of state law, and neither may be sued under section 1983"). Therefore, Plaintiff's claim against the sole named Defendant, based on her performance in representing him in state court, must be dismissed.

As for Plaintiff's request to be released (Doc. 3 at 1), it is properly brought only via a habeas corpus petition and may not proceed in this civil rights action. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (holding that "when a state prisoner is

challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus").

## IV. Conclusion

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff's complaint be **DISMISSED** as frivolous. *See* 28 U.S.C. § 1915A.

The Clerk is **DIRECTED** to terminate the referral to the Magistrate Judge.

**SO RECOMMENDED, ORDERED and DIRECTED** this 30th day of October, 2013.

        /s/ *J. CLAY FULLER*
J. CLAY FULLER
United States Magistrate Judge

AO 72A
(Rev.8/82)