IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FRANKLIN ROUNDTREE,

        Plaintiff,

v.

SHAREE DAVIS,

        Defendant.

1:13-cv-2975-WSD

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge J. Clay Fuller's Final Report and Recommendation ("R&R") [6] on Plaintiff Franklin Roundtree's civil rights claims under 42 U.S.C. § 1983.

## I. BACKGROUND

Plaintiff Franklin Roundtree ("Plaintiff"), proceeding *pro se*, submitted an undated letter to the Court, which was docketed on September 4, 2013, as a 28 U.S.C. § 2241 habeas corpus petition. Plaintiff alleged that Defendant Sharee Davis ("Defendant") committed fraud in connection with a plea Plaintiff entered in a criminal action. On September 11, 2013, the Magistrate Judge ordered the Clerk to convert Plaintiff's case into a 42 U.S.C. § 1983 civil rights complaint and

conducted a frivolity review under 28 U.S.C. § 1915A.

In a separate action, filed on September 3, 2013, Plaintiff identifies Defendant as his public defender. See Roundtree v. Hill, 1:13-cv-2953-WSD (N.D. Ga., docketed Sept. 3, 2013). Plaintiff demands his immediate release. He states that Defendant committed fraud by failing to secure for Plaintiff a satisfactory bond for his release. Plaintiff also alleges that Defendant has refused to answer his calls. The Magistrate Judge thus construed Plaintiff's allegations against Defendant as a civil rights action under 42 U.S.C. § 1983.

On October 30, 2013, the Magistrate Judge concluded that Plaintiff failed to state a claim on which relief can be granted because Defendant, as Plaintiff's public defender, has immunity under 42 U.S.C. § 1983 for issues related to her performance as an attorney. The Magistrate Judge further concluded that Plaintiff's demand to be released is required to be addressed through a habeas corpus petition under 28 U.S.C. § 2241. Plaintiff has filed a separate habeas petition, see Roundtree v. Hill, 1:13-cv-2953-WSD (N.D. Ga., docketed Sept. 3, 2013). The Magistrate Judge therefore concluded that Plaintiff's demand for release in this action should be dismissed. On October 30, 2013, a copy of the R&R was mailed to Plaintiff. Plaintiff did not object to the R&R.

## II. DISCUSSION

### A. Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59; Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam), cert. denied, 459 U.S. 1112 (1983). A district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). With respect to those findings and recommendations to which a party has not asserted objections, the Court must conduct a plain error review of the record. United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983), cert. denied, 464 U.S. 1050 (1984). Because Plaintiff did not object to the R&R, the Court reviews it for plain error.

### B. Analysis

The Supreme Court noted that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." Polk County v. Dodson, 454 U.S. 312, 325 (1981) (ordering the dismissal of respondent's § 1983 complaint against his public

defender); see also Burns v. Jorandby, 332 F. App'x 602, 603 (11th Cir. 2009) (citing Dodson and affirming dismissal of complaint against plaintiff's former public defender: "[N]either defendant was acting under color of state law, and neither may be sued under section 1983"). Because Plaintiff's claim relates to Defendant's performance as Plaintiff's public defender, Defendant may not be held liable under 42 U.S.C. §1983. The Court finds no plain error with the Magistrate Judge's conclusion that Plaintiff failed to state a claim. Plaintiff's action is thus required to be dismissed.

A plaintiff's demand to be released may only asserted in a federal habeas petition. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) (holding that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus"). Plaintiff has filed a separate habeas corpus action under 28 U.S.C. § 2241. See Roundtree v. Hill, 1:13-cv-2953-WSD (N.D. Ga., docketed Sept. 3, 2013). Plaintiff's release demand for release in this action is improper.

### III.   CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge J. Clay Fuller's Final

Report and Recommendation [6] is **ADOPTED**, and this action is **DISMISSED**.

**SO ORDERED** this 14th day of January, 2014.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE